**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.C., <br><br> Plaintiff, <br><br> v. <br><br> STEVAN HARNAD *et al.*, <br><br> Defendants. | Civil Action No. 21-19819 (GC) (LHG) <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court on Defendant The Trustees of Princeton University d/b/a Princeton University's ("the Trustees") Motion to Dismiss Plaintiff M.C.'s ("Plaintiff") Complaint (ECF No. 1, Ex. A) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 9.) M.C. opposed (ECF No. 12), and the Trustees replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants the Trustees' Motion and further

---

[1] The Complaint in this case ("*M.C.*") is nearly identical to one filed by Plaintiff's counsel in *N.S. v. Stevan Harnad*, No. 21-19820 (2021) ("*N.S.*"), a case also pending before this Court. The only differences appear to be the initials and zip codes of the plaintiffs. (*See* Def.'s Moving Br. 3 & Ex. A, ECF No. 9-1 (redline comparison of the complaints).) As such, the Trustees filed nearly identical motions to dismiss in both actions. (*Compare generally* Def.'s Moving Br., *with* Def.'s Moving Br., *N.S.*, ECF No. 9-1.) The Court, accordingly, considers both motions to dismiss together in this Memorandum Opinion, yet will only specifically refer to the briefing listed in the instant case, *M.C.* The Court will write separately in *N.S.* to direct the parties to this Memorandum Opinion and Order.

grants Plaintiff leave to file an amended complaint to cure the deficiencies outlined in this Memorandum Opinion.

I. **BACKGROUND**[2]

Plaintiff alleges that from 1970 to 1972, Defendant Stevan Harnad ("Harnad") sexually assaulted her while she was a minor residing in Princeton, New Jersey. (Compl., Count One, ¶¶ 1, 6.) According to Plaintiff, Harnad attended Princeton University ("Princeton") as a student and was also employed there as a student teacher, teaching assistant, and/or research assistant. (*Id.* ¶¶ 3, 5.) Harnad used Princeton's campus, including its facilities and offices, to "groom minor children." (*Id.*, Count Two, ¶ 4.)

The Trustees owned, administered, and operated Princeton during this time period. (*Id.*, Count One, ¶ 4.) Plaintiff alleges that the Trustees invited her and other minors to "openly gather, stay and participate in events on campus." (*Id.*, Count Two, ¶ 5.) Yet the Trustees, and others, failed to "provide proper and adequate campus security" to protect students and visitors from conduct like that of Harnad, which resulted in Plaintiff suffering "serious, permanent, and disabling injuries, great[] pain and suffering, medical expenses," and emotional distress. (*Id.*, Count Three, ¶ 5, Count Four, ¶ 2.) Ultimately, Plaintiff contends that the Trustees, among others, facilitated the alleged grooming and sexual assault she suffered. (*Id.*, Count Four, ¶ 2, Count Five, ¶ 3.)

On October 26, 2021, Plaintiff filed the original complaint in the Superior Court of New Jersey, Mercer County. (Original Compl., ECF No. 1, Ex. B.) Soon after, Plaintiff filed the "corrected" Complaint in the Superior Court of New Jersey, Mercer County. (*See generally*

---

[2] For the purpose of considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

Compl.) The Trustees removed the Complaint to this Court on November 8, 2021, pursuant to 28 U.S.C. §§ 1332 and 1441(a). (ECF No. 1.) The Complaint contains seven counts, which appear to be as follows: (1) passive sexual abuse under the New Jersey Child Sexual Abuse Act ("CSAA") ("Count One"); (2) negligent hiring ("Count Two"); (3) vicarious liability ("Count Three"); (4) negligence ("Count Four"); (5) vicarious liability for intentional infliction of emotional distress ("Count Five"); (6) punitive damages ("Count Six"); and (7) sexual assault ("Count Seven"). (*See generally* Compl.) Plaintiff appears to allege all Counts against the Trustees (and/or other defendants, as explained further below), except for Count Seven, which Plaintiff appears to allege solely against Harnad. (*See generally id.*) The Trustees move to dismiss the Complaint in its entirety. (Def.'s Moving Br. 26.) The Trustees' motion is ripe for resolution.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[3] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), *as amended* (June 6, 2011). "First, the [C]ourt must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually

---

[3] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

3

unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). In general, the Court "may not consider matters extraneous to the pleadings." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2000); *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.") (citation omitted).

### III. DISCUSSION

The Trustees first contend that the Complaint is procedurally deficient under Rule 8 because it fails to provide them with "fair notice" as to the substance or form of Plaintiff's claims and constitutes impermissible "group" pleading. (Def.'s Moving Br. 8-13.) The Trustees characterize the causes of action in the Complaint in a similar manner as the Court does above, while expressing confusion as to exactly which causes of action Plaintiff asserts and which ones are specifically directed at the Trustees. (*Id.* at 3-8.) Plaintiff appears to concede to the Trustees'

4

characterization of the Counts, using their characterization as proof that the Trustees understand the causes of action asserted against them. (*See* Pl.'s Opp'n Br. 11-12, ECF No. 12 ("There is nothing perplexing about Plaintiff's claims and who they are directed toward, as the [Trustees]... [were] able to determine the causes of action based on the plain language of the [C]omplaint.").)

The Court finds that the Complaint fails to meet the pleading standard under Rule 8(a)(2). Fed. R. Civ. P. 8(a)(2). This standard requires giving defendants "fair notice" as to the claims and theories behind them. *See Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). A complaint that does not "clearly identify the cause of action asserted in each count is . . . deficient." *Jacobsen v. Citi (Bank) Mortg. Ariz. / N.J.*, No. 13-6914, 2014 WL 526632, at *2 (D.N.J. Feb. 7, 2014) (quoting *RD Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 4039020, at *5 (D.N.J. Aug. 7, 2013)). Neither the Court nor the defendants should be burdened with having "'to guess which particular claims are being asserted and/or sift through a tome of allegations to piece together those claims.'" *Id.* (quoting *RD Funding*, 2013 WL 4039020, at *6).

Here, Plaintiff's Complaint fails to provide such "fair notice." Quite simply, Plaintiff leaves the Trustees and the Court guessing as to which defendants are responsible for each claim and on which grounds each claim rests. As mentioned, the Complaint does not label the causes of action being asserted against the Trustees, forcing them to "guess" the basis for each claim. This is an especially difficult task considering that the matter giving rise to this action occurred over fifty years ago. (*See* Compl., Count One, ¶ 6.) And in general, the Counts lack the specific factual detail necessary to put the Trustees on notice. Take Count Five, by way of example. Plaintiff alleges that Harnad "engaged in other intentional and reckless conduct so as to cause severe emotional distress" to Plaintiff. (*Id.*, Count Five, ¶ 2.) Plaintiff fails to explain the nature of this "other" conduct that the Trustees allegedly facilitated.

5

Plaintiff also does not clarify how the conduct of each defendant relates to particular claims, which further renders the Complaint deficient under Rule 8. In addition to the Trustees and Harnad, Plaintiff names Princeton, Doe Defendants, and ABC Defendants. (*See generally* Compl.) Under each Count, Plaintiff addresses "Defendants" at large and fails to distinguish which defendant is allegedly responsible for the given conduct. (S*ee generally id.*) Sticking with the example of Count Five, Plaintiff lists the Trustees as well as "Jane Does 1-5," . . . "John Does 1-5," . . . and "ABC entity 1-5," and conclusively alleges that they are "further liable for the aforesaid intentional and reckless conduct of" Harnad. (*See id.*, Count 5, ¶ 3.) While Plaintiff has the right to list fictitious defendants at this stage, it is unclear exactly who of the many fictitious and real defendants facilitated the conduct and how they did so. As another example, Count Seven appears to be directed at Harnad only. (*Id.*, Count Seven, ¶¶ 2, 3.) The "wherefore" clause in Count Seven, however, seeks damages against "the defendants," so the scope of this claim, like the others, is questionable. (*See id.*, WHEREFORE clause.) These procedural deficiencies warrant the Court's dismissal of the Complaint. *See Pushkin v. Nussbaum*, No. 12-0324, 2014 WL 4543069, at *5 (D.N.J. Sept. 11, 2014) (dismissing complaint that failed to allege "who did what, and when, and what cause of action is asserted against each defendant").

Plaintiff appears to misunderstand the procedural posture of this case, tacitly conceding that the Complaint is procedurally deficient. Multiple times, Plaintiff asserts that the Motion to Dismiss is "premature" because "discovery has not even commenced." (*See, e.g.*, Pl.'s Opp'n Br. 1.) But the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the Complaint, as pled. *See Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012) ("A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)."); *see also Giovanelli v. D. Simmons Gen. Contracting*, No. 09-1082, 2010 WL 988544, at

*5 (D.N.J. Mar. 15, 2010) (noting that "[d]iscovery . . . cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts [s]he has not yet pleaded") (citation omitted). In addition, Plaintiff focuses greatly on an affidavit she attached to her opposition briefing which provides additional relevant facts. (Pl.'s Opp'n Br. 2 ("Specifically, in the affidavit of [Plaintiff] annexed hereto . . . Plaintiff provides facts which support the veracity of the wrongdoing alleged . . . which establish viability of the claims and eventual liability.").) Indeed, the "Statement of Relevant Facts" included in Plaintiff's Opposition Brief does not cite to the Complaint a single time. (*See id.* at 3-5.) Yet "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (first alteration in original) (quotation marks omitted); *see also Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)") (citations omitted); *Illas v. Gloucester Cty. Sheriff's Dep't*, No. 14-4061, 2015 WL 778806, at *2 n.2 (D.N.J. Feb. 24, 2015) (refusing to consider affidavit submitted by plaintiff in opposition to defendants' motion to dismiss). Thus, Plaintiff's belated addition of facts and request for discovery fail to cure the deficiencies in the Complaint.[4]

---

[4] Plaintiff appears to also contend that her unilateral submission of extraneous material requires that this motion not be resolved as a 12(b)(6) motion, but, instead, be converted to one for summary judgment under Rule 12(d). (*See* Pl.'s Opp'n Br. 2 & n.1.) If the Court relies on matters outside the pleadings, then it may discretionarily convert a motion to dismiss into one for summary judgment. *In re Rockefeller Ctr. Props.*, 184 F.3d 280, 287-89 (3d Cir. 1999). The Court declines to rely on matters outside the pleadings here and, thus, declines to convert this motion, especially considering that Plaintiff, confusingly, also contends that further discovery is necessary. (*See, e.g.,* Pl.'s Opp'n Br. 33 ("More discovery is needed related to the 'duty' issue and thus, [the Trustees'] motion should be denied.").) The Court does not wish to condone a practice—relying on affidavits attached to a responsive brief—which avoids attorney certification and sanctions a run-around of Rules 11 and 15. *See* Fed. R. Civ. P. 11; Fed. R. Civ. P. 15(a)(1).

In sum, at this juncture, the Court cannot meaningfully address the merits of the Complaint—nor, for that matter, the additional arguments the Trustees make that Plaintiff fails to state a claim for any of the causes of action asserted. (*See* Def.'s Moving Br. 12-25.) A more fruitful course of action to the Motion to Dismiss would have been for Plaintiff to have filed an amended complaint with additional facts—an opportunity that the Court now affords Plaintiff. *See Crozier v. Johnson & Johnson Consumer Cos., Inc.*, 901 F. Supp. 2d 494, 501 (D.N.J. 2012) (explaining that "the mechanism for curing pleading deficiencies is to file an amended complaint pursuant to [Rule] 15(a)"). The Court will permit Plaintiff the opportunity to file an amended complaint to correct the deficiencies identified above. Such pleading should contain a short and plain statement limited to the necessary facts and must explain which specific facts and legal theories support each alleged cause of action, and which cause of action is asserted against each defendant.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants the Trustees' Motion to Dismiss. Because the Court will grant Plaintiff leave to amend, Plaintiff should correct the deficiencies identified in this Memorandum Opinion in any amended complaint. The Court will enter an Order consistent with this Memorandum Opinion.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**