**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**BLUME, FORTE, FRIED, ZERRES & MOLINARI, P.C.**
One Main Street
Chatham, New Jersey 07928
(973) 635-5400
Michael B. Zerres, Esq. (010351988)
Richard T. Madurski, Esq. (319962021)
Attorneys for Plaintiff

| | |
|---|---|
| M.C., <br><br> Plaintiff, <br><br> vs. <br><br> STEVAN HARNAD, THE TRUSTEES OF PRINCETON UNIVERSITY, JOHN DOE 1-5 (a series of fictitious names representing yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of plaintiff while on the PRINCETON UNIVERSITY campus, or, w), JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over defendant Harnad, and who failed to take necessary precautions to prevent such crimes and/or abuse of the then minor plaintiff), and, ABC ENTITY 1-5 (a class of fictitiously named Defendants representing yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) <br><br> Defendant(s) | UNITED STATES DISTRICT COURT <br> **FOR THE DISTRICT OF NEW JERSEY** <br> DOCKET NO.: <br> 3:21-cv-19819-(GC)(LHG) <br><br> Civil Action <br><br><br><br><br><br> **AMENDED COMPLAINT** |

Plaintiff, M.C., currently residing in Los Angeles, California by way of Amended Complaint

says:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of California.

2. Defendants are citizens of Quebec, Canada and New Jersey, respectively.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

3. The amount in controversy, without interest and costs, exceeds $75,000.

4. This action was originally filed in the Superior Court of New Jersey, Mercer County, but was removed to the United States District Court, District of New Jersey, by Defendant pursuant to 28 U.S.C. §§ 1332 and 1441 et seq. on or about November 8, 2021.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

1. Plaintiff, M.C. is a resident of Los Angeles, California.

2. Defendant, Trustees of Princeton University, which owned, managed, administered and operated Princeton University during all relevant time periods, has a primary place of business at 1 Nassau Hall, Princeton, New Jersey 08544.

3. Defendant, Stevan Harnad, resides at 1100, Docteur-Penfield Avenue, #1512, Montreal, Quebec, Canada, H3A 1A8.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Plaintiff proceeds by initials due to the subject matter of this action, and as identification poses a risk of mental harm, harassment, ridicule, and/or personal embarrassment[1]

In June 1970, the Defendant, Trustees of Princeton University, as owners, managers, administrators and operators of Princeton University, instituted an "Open Campus" policy after it had been a closed campus for 65 years. The residents of Princeton were hence invited

---

[1] As outlined in N.J.S.A. 2A:61B-1(f)(1), in actions under the Child Sexual Abuse Act: "the name, address, and identity of a victim or a defendant shall not appear on the complaint or any other public record as defined in P.L.1963, c.73 (C.47:1A-1 et seq.). In their place initials or a fictitious name shall appear."

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

to gather freely on the campus anytime, day or night.  (See Exhibit A: "University Gates Open", Town Topics, June 11, 1970).

Subsequently, and as a result of increased crime on campus, a few weeks after the new open campus policy commenced, a night time curfew was initiated. Ten days later the campus curfew was lifted.   Leslie Vivian, Director of Community and Regional Affairs at the University, explained: "The decision to impose any limitation on night time use of the front campus was made reluctantly because of the *pleasure people derive from sitting with friends on the front campus, and because of the scarcity of other gathering places in Princeton, especially for teenagers*."  As documented in the The Rotarian October 4, 1970 "Princeton University campus...all forms of drugs were used and sold there."  Without question, minors were invited and encouraged to openly gather and loiter unsupervised on the campus.  (See Exhibit B: "Campus Open Again", Town Topics, September 1970.; See Exhibit C: "New Hope on Nassau Street," The Rotarian, Vol. 117, No October 4, 1970.

Almost immediately following the announcement of the opening of the campus to Township residents, Plaintiff, M.C., a fatherless 11-year-old child and her peers, colloquially called "townies," walked on the campus to the Fountain of Freedom to wade in the fountain pool. While at the fountain, M.C. and her tender-aged peers were approached by Defendant Stevan Harnad, a graduate student, teaching assistant, graduate assistant, research assistant and/or student volunteer in the Psychology Department at the University.  Defendant Harnad approached the Plaintiff and her peers and gave them marijuana that they smoked near the fountain on campus. After this first encounter the 11-year-old M.C. was targeted (GROOMING STAGE 1- Targeting a Victim) and stalked by Defendant Harnad relentlessly on campus in plain sight.  Sexual Grooming is the visible part of sexual abuse and is the process by which a sexual predator cultivates a relationship with a potential victim.  Through grooming, the abuser builds trust and emotional connection to the targeted victim in order to

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

manipulate and sexually abuse them. The grooming of Plaintiff, M.C. began and continued on the University campus, in plain sight for approximately 18 months. Grooming tactics are red flags and serve as notice, of such behavior.

The second stage of grooming by Defendant Harnad occurred when he approached Plaintiff M.C. while she was sitting with other prepubescent children on the lawn in front of Nassau Hall on campus in view of the visibly present campus proctors. Very quickly, the Defendant Harnad infiltrated the group of minors on campus, including Plaintiff M.C. Defendant Harnad was an adult who presented himself as a professor-like figure and a mentor to the children, including Plaintiff M.C. Plaintiff M.C. was told by Defendant Harnad that she was "special" (GROOMING STAGES 2 & 3 GAINING TRUST AND FULFILLING A NEED) and lavished attention on Plaintiff publicly and called her his Nymphet. This was a term he took from the Nabokov novel Lolita, the story of a tender-aged girl being sexually exploited by a pedophile.

Defendant Harnad reinforced his status to the minor children by providing access to an office on campus and classroom in the Psychology Department of the University for their enjoyment and entertainment. Plaintiff M.C. and other minors, including her sister, Plaintiff N.S., were taken by Defendant Harnad to a classroom on campus to play a "hypnosis game." Defendant Harnad had the Plaintiff M.C. and other minor children lie on the floor and close their eyes to be hypnotized. Plaintiff M.C. witnessed Plaintiff N.S., her sister, being singled out that day. Harnad brazenly walked with the children to the campus classroom in plain sight. The red flags and notice were present.

On another occasion, Defendant Harnad, an agent of the University, walked Plaintiff M.C. to his office in the Psychology Department, where he gave her marijuana to smoke and coaxed her to sit on his lap. On numerous occasions Defendant Harnad, an agent of the University, provided alcohol for Plaintiff M.C. on a frequent basis. Defendant Harnad also

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

bought Plaintiff M.C. lunch in the campus cafeteria on more than one occasion where it was only the two of them together. Defendant Harnad, an agent openly, on campus, taught Plaintiff M.C. to hold the hands of Defendant Harnad with interlocking fingers which indicated, according to Defendant Harnad, that they were boyfriend and girlfriend.

Grooming is a crime of a sexual nature. This crime continued on campus, for 18 months in plain sight of the Proctors (Campus Police) faculty, students, employees, administrators, M.C. 's sister, Plaintiff N.S., and other minor children. Defendant Harnad picked up Plaintiff M.C. in his gold Maverick automobile, from campus and drove Plaintiff M.C. to his residence for the purpose of isolating the Plaintiff M.C in the attic, in order to sexually abuse her (GROOMING STAGES 4 & 5 ISOLATING AND SEXUALLY ABUSING THE CHILD). On multiple occasions Defendant Harnad enticed Plaintiff M.C. to steer his vehicle to make her feel special. The grooming continued for a long period of time, i.e., for approximately 18 months, on campus. The grooming activities on campus never stopped, even after the occurrence of multiple sexual assaults.

While Defendant Harnad's willful and wanton sexual abuse continued, Plaintiff M.C. was regularly sexually assaulted by Defendant Harnad. Defendant Harnad digitally penetrated Plaintiff M.C.'s vagina and stimulated her clitoris. Defendant Harnad pushed Plaintiff M.C.'s head down and forced Plaintiff M.C. to put her mouth on Defendant Harnad's penis while he ejaculated. Defendant Harnad vaginally penetrated Plaintiff M.C.'s vagina with his penis. Defendant Harnad digitally penetrated both Plaintiffs' vaginas and stimulated their clitorises simultaneously making them witnesses of each other's sexual abuse on at least one occasion.

Grooming is the visible part of crimes of a sexual nature and the sexual assault is typically the invisible part. However, in these Plaintiffs' cases, the sexual abuse was made visible for her sister and vice versa.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

As it relates to the Trustees, its University employees and agents, including Campus Police, referred to as "Proctors," regularly observed Plaintiff in the presence of Harnad and his grooming of Plaintiff. Based upon the frequency of these activities and actions by Harnad, easily on hundreds of occasions over the entire 18-month period, these inappropriate grooming tactics by Defendant Harnad, an adult male, who represented himself as a Professor like figure on campus, was or should have been noticed by the Proctors; yet nothing was done by them to stop it. The red flags and notice were present. Defendant Harnad's grooming behaviors were open, obvious and noticeable. The Plaintiff, M.C. clearly recalls that the Proctors did ask her on more than one occasion what kind of relationship she had with Defendant Harnad, but there was no follow-up, intervention or investigation as to why this adult man was infiltrating the groups of children on campus on a frequent almost daily basis. There was no form of prevention in place (safety protocols or policies) designed to intervene and stop behavior such as Defendant Harnad's.

Trustees of Princeton University's employees or agents, despite having knowledge, or despite the fact that they should have had knowledge, of Harnad's propensity for pedophilia, and use of the University's campus and facilities to commit the acts alleged herein, allowed Defendant Harnad to perpetuate the aforesaid acts and crimes of a sexual nature against the then minor Plaintiff. The University further also failed to initiate any safety procedures, precautions, protocols, or policies when opening its campus up to minors.

The ongoing predatory behavior of Defendant Harnad, an adult male, sitting, talking, walking with the Plaintiff M.C. in the walkways on campus, and then transporting her in his Maverick to and from campus to his residence and then back again, without any protection from the University, furthered the sexual abuse and sexual abuse frequency.

Harnad's grooming of Plaintiff, M.C. for the purpose of sexually abusing her lasted for eighteen months and continued persistently and conspicuously on the University campus.

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

The grooming includes but not limited to acts of intoxicating M.C., psychologically manipulating M.C., hypnotizing M.C., exposing her to sexually explicit discussions and teachings that included unwanted touching in plain sight on the University Campus. These acts in plain view occurred in front of Nassau Hall, inside Harnad's office and classrooms in the psychology department, in front of the Fountain of Freedom, campus cafeteria, and campus walkways on the University campus.

It was Plaintiff M.C.'s sanctioned presence on the premises of the University that put her in harm's way and caused her permanent lifelong psychological and emotional damages. As well as life-long physical ailments in later years in life. Therefore, Plaintiff is entitled relief for the above acts and omissions based on the further allegations set forth herein.

Plaintiff brings this lawsuit pursuant to the New Jersey's Victim's Rights Bill, which revived the previously time-barred claims arising from sexual abuse for a limited time. Plaintiff has sufficiently alleged a claim that is revived under the Victims' Rights Bill, and nothing more is required at the pleading stage.

As set forth more fully herein, negligence, gross negligence, recklessness, and/or punitive behavior of the Defendants, jointly and severally, was a direct and proximate cause of harm and damages to the Plaintiff.

Plaintiffs' injuries and/or damages were caused solely by negligence, gross negligence, recklessness, and/or punitive behavior of the Defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence, gross negligence, recklessness, and/or punitive behavior on the part of the Plaintiff.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**FACTUAL ALLEGATIONS AS TO EACH DEFENDANT**

**FIRST COUNT- STEVAN HARNAD – CRIMES OF A SEXUAL NATURE,**
**SEXUAL ABUSE, SEXUAL ASSAULT**

1. From 1970 through 1972 and at all times mentioned herein, Plaintiff, M.C., then a minor, was a resident of Princeton, New Jersey.

2. This Count against STEVAN HARNAD is brought pursuant to provisions of the New Jersey Child Victims Act ("CVA") (N.J.S.A 2A:14-2b) and the Child Sexual Abuse Act ("CSAA") (N.J.S.A. 2A:61B-1).

3. More specifically, this action is brought pursuant to N.J.S.A. 2A:14-2(b)(a) which states, in pertinent part: an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

4. In 1970 through 1972, and at all times mentioned herein, Defendant STEVAN HARNAD, was a graduate student, teaching assistant, graduate assistant, research assistant and/or student volunteer employed or engaged by Defendant, THE TRUSTEES OF PRINCETON UNIVERSITY as owners, managers, administrators, and operators of Princeton University.

5. From 1970 through 1972, while M.C. was a minor, Defendant, STEVAN HARNAD while on campus of Princeton University, groomed M.C., in the course of his role as a graduate student, teaching assistant, graduate assistant, research assistant and/or student volunteer with an office and classroom access, and further willfully and wantonly engaged in the psychological manipulation of her, physically assaulting her, "hypnotizing" her and other

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

children, including her sister, engaging in seduction, sexually explicit discussions, intimate touching, sexual abuse, and/or crimes of a sexual nature.  Many of these acts occurred in front of Nassau Hall, inside Defendant, STEVAN HARNAD's office and classrooms in the psychology department, in front of the Fountain of Freedom, campus cafeterias, and campus walkways on the University campus.

6.  As a direct result of Defendant STEVAN HARNAD's willful and wanton conduct and actions described herein, the Plaintiff, M.C., was caused to be physically and sexually assaulted, sexually abused, and, was further caused to sustain severe and permanent emotional and psychological distress and harm.

7. Further, as Defendant HARNAD's conduct  was intentional, willful, wanton, malicious, carried out with a willful disregard for the Plaintiff's safety, health and well-being, as a direct result of which Plaintiff, M.C., sustained the injuries, damages and losses set forth herein,  the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, Plaintiff demands judgment for compensatory and exemplary (punitive) damages against Defendant STEVAN HARNAD on this Count together with interest, attorney's fees and costs of suit.

**SECOND COUNT-THE TRUSTEES OF PRINCETON UNIVERSITY – DUTY OF A PROPERTY OWNER TO PROTECT A LICENSEE/SOCIAL GUEST AGAINST FORSEEABLE RISKS OF HARM**

1. Plaintiff repeats and reiterates each and every allegation of the First Count as if fully set forth herein at length.

2. This action is further brought pursuant to the provisions of N.J.S.A. 2A:14-2(b)(a) which states, in pertinent part: an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

3. This action is further brought pursuant to the terms and provisions of and N.J.S.A. 2A:53A-7 et. seq., as amended by Senate Bill 477, which states, in pertinent part, that any nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustee, director, officer, employee, agent, servant or volunteer causing damage by a willful, wanton or grossly negligent act of commission or omission, including sexual assault **[and]** any other **[crimes]** crime of a sexual nature or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1); (b) any nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes causing damage by any negligent act resulting in the commission of sexual assault, any other crime of a sexual nature and/or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1); or (c) any trustee, director, officer, employee, agent, servant or volunteer of a nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes causing damage by any negligent act resulting in the commission of sexual assault, any other crime of a sexual nature and/or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1) if the trustee, director, officer, employee, agent, servant or volunteer had a supervisory or oversight role over the person committing the act of sexual assault, other crime of a sexual nature and/or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1) shall <u>not</u> be granted immunity for such conduct, actions, inactions and/or omissions.

4. In June 1970 PRINCETON UNIVERSITY, which was owned, managed administered and operated by the Defendant the TRUSTEES OF PRINCETON UNIVERSITY,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

promulgated and administered a specific policy, practice, protocol and procedure to openly invite the local community, including minors, onto its premises to gather and loiter.

5. As a result of said policy, practice, protocol and procedure, Plaintiff, M.C. was induced into entering said Defendant's premises where she encountered the Defendant STEVAN HARNAD on campus.

6. Plaintiff's presence was conspicuous as she and numerous other tender-aged children were invited onto said Defendant's premises.

7. The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, as a result of its open invitation and inducement to minors such as Plaintiff M.C. to enter its premises, had a duty to protect Plaintiff while she was on said premises from predators and pedophiles such as the Defendant STEVAN HARNAD; had a duty, by and through its agents, servants and employees, to recognize the red flags of crimes of a sexual nature, and, further had a duty, by and through its agents, servants and employees, to institute policies, procedures, protocols, directives and/or safety measures to ensure the protection and safety of minors, such as the Plaintiff M.C., from the crimes of a sexual nature, sexual assault and/or sexual abuse of predators and pedophiles such as the Defendant STEVAN HARNAD.

8. The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY breached said duties to the Plaintiff, M.C., as a result of which said Plaintiff was invited by Defendant STEVAN HARNAD, to continue to return to the Defendant TRUSTEES OF PRINCETON UNIVERSITY premises, and as a direct result of which Defendant STEVAN HARNAD engaged in the psychological manipulation of her, physically assaulting her, "hypnotizing" her and other children, including her sister, acts of seduction, sexually explicit discussions, intimate touching, and committing "red-flag" crimes of a sexual nature against Plaintiff and

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

her sister in clear sight of Defendant the TRUSTEES OF PRINCETON UNIVERSITY staff, agents, servants and/or employees.  Such red flag behavior towards a tender-aged child occurred openly and obviously in front of Nassau Hall, inside STEVAN HARNAD's office and classrooms in the psychology department, in front of the Fountain of Freedom, campus cafeterias, and campus walkways on the premises of Defendant the TRUSTEES OF PRINCETON UNIVERSITY.

9.  As a direct result of Defendant the TRUSTEES OF PRINCETON UNIVERSITY's, in their ownership, management, administration and operation of PRINCETON UNIVERSITY breaches as aforesaid, and, it's conduct and actions described herein, the Plaintiff, M.C., was caused to be physically and sexually assaulted by the Defendant STEVAN HARNAD, sexually abused by him, and, was further caused to sustain severe and permanent emotional and psychological harm and distress

10.  The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY further engaged in willful and wanton, and,  grossly negligent conduct and omissions in its' breaches of the aforesaid duties that enabled Defendant STEVAN HARNAD to physically and sexually abuse the Plaintiff, and who, as such, is further directly responsible for the injuries, damages and losses suffered by the Plaintiff described herein.

11.  Further, as Defendant  the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY conduct  was intentional willful, wanton, malicious, carried out with a willful disregard for the Plaintiff's safety, health and well-being  and was further grossly negligent, as a direct result of which Plaintiff, M.C., sustained the injuries, damages and losses set forth herein, the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

WHEREFORE, Plaintiff M.C. demands judgment for compensatory and exemplary (punitive) damages against the Defendant TRUSTEES OF PRINCETON UNIVERSITY as owner, manager, administrator and operator of PRINCETON UNIVERSITY on this Count, together with interest, attorney's fees and costs of suit.

**THIRD COUNT – THE TRUSTEES OF PRINCETON UNIVERSITY, JOHN DOES 1-5, ABC ENTITY 1-5 – PROPERTY OWNER'S/BUSINESS'/CONTRACTOR'S DUTY TO PROTECT INVITEES/SOCIAL GUESTS AGAINST CRIMINAL ACTIVITY, INCLUDING CRIMES OF A SEXUAL NATURE, SEXUAL ABUSE AND/OR SEXUAL ASSAULT**

1. Plaintiff repeats and reiterates each and every allegation of the prior Counts as if fully set forth herein at length.

2. At all times mentioned herein, Defendant STEVAN HARNAD was employed by and/or was an agent working for the Defendant, the TRUSTEES OF PRINCETON UNIVERSITY, as a student teacher, teaching assistant, graduate assistant, research assistant, and/or student volunteer.

3. In addition to the allegations in the prior Counts, the Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in its ownership, management, administration and operation of the Defendant PRINCETON UNIVERSITY, the Defendants JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus, and, the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) were, or should have been, fully aware of Defendant STEVAN HARNAD's propensities for pedophilia, his inappropriate behavior towards minors openly on campus, his use of the campus facilities and offices to commit crimes of a sexual nature and his likelihood to commit sexual assaults, acts of sexual abuse, and, crimes of a sexual nature on such minor children. In fact, said Defendants' Campus

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Police and/or Proctors questioned the Plaintiff on more than one occasion about the Defendant STEVAN HARNAD's relationship with the then-minor Plaintiff, and did nothing to intervene during his ongoing grooming and abuse of the Plaintiff.

4. At all times time aforesaid, the Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, the Defendants JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus, and, the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) had a duty to intervene when they became aware of, or should have been aware of, his propensity for pedophilia, his inappropriate behavior towards minors openly on campus, his use of the campus facilities and offices to groom minor children and his likelihood to commit sexual assaults, acts of sexual abuse, and /or crimes of a sexual nature on such minor children.

5.The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, the Defendants JANE and JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus, or, who had a supervisory or oversight role over Defendant STEVAN HARNAD, and who failed to take necessary precautions to prevent such crimes and abuse of the then minor Plaintiff) and the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) breached said duties as a direct result of which the Plaintiff, M.C., was caused

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

to be physically and sexually assaulted by the Defendant, STEVAN HARNAD, sexually abused

by him, and, was further caused to sustain severe and permanent emotional and psychological

harm and distress.

6. The Defendant, the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership,

management, administration and operation of PRINCETON UNIVERSITY, the Defendants

JANE and JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety

department employees, proctors, police and administrators, and faculty who witnessed

STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the

PRINCETON UNIVERSITY campus, and, the Defendants ABC ENTITY 1-5 (Yet unknown

entities who provided safety, police and protections services at PRINCETON UNIVERSITY)

further engaged in willful and wanton and grossly negligent conduct and omissions in its'

breaches of the aforesaid duties that enabled Defendant, STEVAN HARNAD, to physically

and sexually assault, and, sexually abuse the Plaintiff, and are therefore further directly

responsible for the injuries, damages and losses suffered by the Plaintiff herein.

7. Further, Defendant, the TRUSTEES OF PRINCETON UNIVERSITY, in their

ownership, management, administration and operation of PRINCETON UNIVERSITY, the

Defendants JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety

department employees, proctors, police and administrators, and faculty who witnessed

STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the

PRINCETON UNIVERSITY campus, and who failed to take necessary precautions to prevent

such crimes and abuse of the then minor Plaintiff) and the Defendants ABC ENTITY 1-5 (Yet

unknown entities who provided safety, police and protections services at PRINCETON

UNIVERSITY) further engaged in conduct that was intentional, willful, wanton, malicious,

carried out with a willful disregard for the Plaintiff's health, safety, and well-being and was

further grossly negligent, as a direct result of which Plaintiff, M.C., sustained the injuries,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

damages and losses set forth herein, the Plaintiff is also entitled to an award of Punitive

Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, Plaintiff M.C. demands judgment for compensatory and exemplary

(punitive) damages against the Defendant TRUSTEES OF PRINCETON UNIVERSITY as

owner, manager, administrator and operator of PRINCETON UNIVERSITY and the

Defendants JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety

department employees, proctors, police and administrators, and faculty who witnessed

STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the

PRINCETON UNIVERSITY campus, and, the Defendants ABC ENTITY 1-5 (Yet unknown

entities who provided safety, police and protections services at PRINCETON UNIVERSITY)

on this Count, together with interest, fees and costs of suit.

**FOURTH COUNT - THE TRUSTEES OF PRINCETON UNIVERSITY AND**
**JAMES ROE 1-5 - SCHOOL/UNIVERSITY/BUSINESS'S/SUPERVISOR'S DUTY**
**TO PROPERLY SUPERVISE AND OVERSEE EMPLOYEES, AGENTS OR**
**VOLUNTEERS**

1.Plaintiff repeats and reiterates each and every allegation of the previous counts

as if set forth at length herein.

2. Defendants, the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5

(a series of fictitious names representing yet unidentified school personnel and employees

who had a supervisory or oversight role over Defendant agent Harnad, and who failed to take

necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff) had a

duty to properly supervise Defendant Harnad and his activities on the University Campus.

3. Said Defendants the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE

1-5 (a series of fictitious names representing yet unidentified school personnel and employees

who had a supervisory or oversight role over Defendant agent Harnad, and who failed to take

necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff)

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

breached said duty, as a direct result of which the Plaintiff, M.C., was caused to be physically and sexually assaulted by the Defendant, STEVAN HARNAD, sexually abused by him, and, was further caused to sustain severe and permanent emotional and psychological harm and distress.

4. Said Defendants the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over Defendant Harnad, and who failed to take necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff), in breaching the aforesaid duty, further engaged in willful and wanton and grossly negligent conduct and omissions in its' breaches that enabled Defendant, STEVAN HARNAD, to physically and sexually assault, and, sexually abuse the Plaintiff, and are therefore further directly responsible for the injuries, damages and losses suffered by the Plaintiff herein.

5. Said Defendants the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over Defendant agent Harnad, and who failed to take necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff), further engaged in conduct that was intentional, willful, wanton, malicious, carried out with a willful disregard for the Plaintiff's health, safety, and well-being and was further grossly negligent, as a direct result of which Plaintiff, M.C., sustained the injuries, damages and losses set forth herein, the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, Plaintiff M.C. demands judgment for compensatory and exemplary (punitive) damages against the Defendants TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over Defendant agent Harnad, and

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

who failed to take necessary precautions to prevent such crimes and/or abuse of the then

minor Plaintiff), on this Count, together with interest, fees and costs of suit.

**FIFTH COUNT – STEVAN HARNAD and THE TRUSTEES OF
PRINCETON UNIVERSITY – INTENTIONAL AND NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS**

1.Plaintiff repeats and reiterates each and every allegation of the previous counts

as if set forth at length herein.

2. Defendant, STEVAN HARNAD, also engaged in intentional, reckless and careless

conduct so as to cause severe emotional distress to the Plaintiff, M.C., including assaulting

her in front of her sister and other children, exposing her to the embarrassment of being the

victim of crimes of a sexual nature and/or assaulted while on the Defendant, TRUSTEES OF

PRINCETON UNIVERSITY's campus, which was commented on by employees and/or agents

of the Defendant, TRUSTEES OF PRINCETON UNIVERSITY, physically and sexually

assaulting and abusing Plaintiff, slitting his arm in front of Plaintiff, making her pose for nude

photographs, publishing an essay about his acts of pedophilia with Plaintiff, and, his advising

her years later that he had kept with him clippings of her first pubic hairs..

3. The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in its ownership,

management, administration and operation of PRINCETON UNIVERSITY also engaged in

intentional, reckless, and careless conduct so as to cause severe emotional distress to the

Plaintiff, M.C., which conduct facilitated and enabled Defendant Harnad's behavior, conduct,

physical and sexual assaults, crimes of a sexual nature and/or sexual abuse of the Plaintiff,

M.C.

4. Further, as the Defendants, STEVAN HARNAD's, and the Defendant TRUSTEES

OF PRINCETON UNIVERSITY's, conduct was intentional willful, wanton, malicious, carried

out with a willful disregard for the Plaintiff's safety, health and well-being  and was further

grossly negligent, as a direct result of which Plaintiff, M.C., sustained the injuries, damages

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

and losses set forth herein,  the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE Plaintiff demands judgment against Defendant, STEVAN HARNAD and the Defendant the TRUSTEES OF PRINCETON UNIVERSITY, individually, jointly and severally, for compensatory and exemplary (punitive) damages on this Count, together with interest, attorney's fees and costs of suit.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues involved herein.

### DESIGNATION OF TRIAL COUNSEL

MICHAEL B. ZERRES, ESQ., has been designated as trial counsel in the above matter.

### CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated, except as follows: one other action simultaneously filed herewith: N.S. v. STEVAN HARNAD, et al., D.N.J. Docket No. 3:21-cv-19820.  All parties known to Plaintiffs at this time who should have been joined in this action, have been joined.

**BLUME, FORTE, FRIED, ZERRES &**
**MOLINARI**
Attorneys for Plaintiff(s)

*/s/ Michael B. Zerres*

By: _____
    MICHAEL B. ZERRES, Esq.

DATED:  April 14, 2023