Submitted by
Mary Coletta
Pro Se Litigant
Los Angeles, CA 90045

January 17, 2025

VIA ECF

Honorable Robert Kirsch, U.S.D.J.
United States District Court,
District of New Jersey Clarkson
S. Fisher Building & U.S. Courthouse
402 East State Street Trenton, New Jersey 08608

The Honorable J. Brendan Day, U.S.M.J.
United States District Court,
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Trenton, New Jersey 08608

      RE: M.C. v. Harnad et al., Case No: 3:21-cv-19819-RK-JBD
      Plaintiff M.C.'s letter seeking to move to a jury trial

Dear Judge Kirsch and Magistrate Judge Day

Your Honors, as a pro se litigant, I begin by expressing my deep concern over the Defendant, the Trustees of Princeton University, (the "University") focusing their arguments on legalese and rhetoric rather than addressing the core issue of responsibility for the harm caused to me as a minor on their campus. The University has continuously avoided acknowledging that, as an eleven- and twelve-year-old girl, I was allowed to roam their campus unsupervised for eighteen months, during which time period I was repeatedly a victim of many crimes, including crimes of a sexual nature.

This abuse was a foreseeable consequence of the University's "Open Campus Policy," which failed to protect me as a vulnerable child. The University had a duty to ensure the safety of all individuals on their campus, including minors like myself. Instead, their negligence created an environment where crimes of a sexual nature could occur, and did occur. As a child, I did not have the ability or voice to protect myself. Today, I am using my voice to seek justice and accountability for what happened to me.

The State of New Jersey did not intend for the two child sex abuse amendments to the Charitable Immunity Act to be brushed aside as "time barred" or only applicable to "loco parentis" or "active abusers."

The New Jersey legislature has long recognized the need for justice for victims of child sex abuse. In 2006 and 2019, the state enacted critical amendments to the Charitable Immunity Act that expanded protections for victims and extended the statute of limitations. These amendments were designed specifically to hold institutions like the University accountable for enabling abuse, not just direct perpetrators. The law's intent was to give victims who were previously time-barred the opportunity to seek justice, as well as to include acts of omission, creating a broader scope of liability for institutions that enabled abuse.

The University now attempts to dismiss my claims by arguing that they are "time-barred," or that the law only applies to direct abusers. However, this narrow interpretation contradicts both the spirit and the intent of these amendments, which were crafted to ensure that institutions that enabled child sex abuse could be held responsible.

The amendments were meant to empower victims like myself to pursue claims previously denied to us by outdated limitations. Since learning about New Jersey's "look back window" in early 2021, which allows survivors of child sex abuse to file claims outside the traditional statute of limitations, I have been determined to seek justice. I have dedicated myself to reconstructing the events that occurred on Princeton's campus and have spent countless hours consulting legal professionals, reviewing cases, and studying under experts like those at ChildUSA to try and understand how to proceed with my case.

The University's attempts to focus on dates and procedural defects are a clear effort to delay justice. They claim that my recent filing (Doc. 74) is "significantly revised," yet these revisions reflect my ongoing work as a pro se litigant and the complex nature of this case. I have made every effort to ensure that my Corrected Second Amended Complaint adheres to legal standards while capturing the full scope of the University's negligence and the harm it caused me. This case is not about technical filings; it is about justice for a child victim of sexual abuse. I respectfully ask the Court to deny the Defendant's motion to dismiss or strike my most recent filings. The case should proceed to discovery and trial, where a jury can consider the evidence and decide on the University's responsibility for the crimes that occurred under their watch.

The abuse I endured as a child on Princeton's campus has caused me a lifetime of suffering. The laws of New Jersey, as amended, were designed to address cases like mine and to provide victims the opportunity to seek justice, even decades later. It is vital that this case proceed so that the full facts can be brought to light, and the University can be held accountable for their role in enabling the abuse that occurred. I respectfully urge the Court to allow this case to move forward, to deny the University's motion to strike my filings, and to grant my motion for leave to file a Corrected Second Amended Complaint.

Please grant all the counts against the University and send my case to discovery and then to trial.

Thank you for your consideration. I am available at the Court's convenience to discuss my case.

Sincerely,

*/s/ Mary Coletta*

Mary Coletta
Plaintiff M.C. (Pro Se)
Los Angeles, CA 90045
barefootadvocate@protonmail.com

via ECF

James A. Keller, Esq.
Alexander R. Bilus, Esq. (Pro Hac Vice)
Samuel E. Bordoni-Cowley, Esq.